```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND
```

BARBARA BALDWIN,                         *
    Plaintiff,
                                               *
v.                                       Civil Action No. BPG-05-3129
                                               *
JO ANNE B. BARNHART,
Commissioner of                          *
Social Security,
    Defendant.                           *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM</u>**

**I.   <u>Background</u>**

Plaintiff, Barbara Baldwin, brought this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1382. Currently pending are plaintiff's Motion for Summary Judgment and defendant's Motion for Summary Judgment. (Paper Nos. 7 & 16). These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301. No hearing is deemed necessary. Local Rule 105.6. For the reasons discussed below, the court grants defendant's motion for summary judgment and denies plaintiff's motion for summary judgment.

Plaintiff filed for SSI on December 19, 2002, alleging that she became disabled at age 38 due to a back disorder, bipolar disorder, and an anxiety disorder. (R. 14). Her application was

denied initially and on reconsideration. (Id.) On April 7, 2005, plaintiff, represented by an attorney, testified at a hearing before Administrative Law Judge ("ALJ") J. Robert Brown. (R. 26). Also testifying was a qualified vocational expert. (R. 14, 47-50). On June 2, 2005, the ALJ denied benefits on the grounds that plaintiff was capable of performing a significant range of light work. (R. 20). On September 22, 2005, the Appeals Council denied review, making the ALJ's decision final and reviewable. (R. 5-7). Plaintiff timely sought judicial review.

## II.  Standard of Review

The role of this court on review is to determine whether the ALJ applied correct legal standards and whether substantial evidence supports the ALJ's decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that which "a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966); accord Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). It is more than a scintilla but less than a preponderance of the evidence. Id. It is evidence sufficient to justify a refusal to direct a verdict if the case were before a jury. Hays, 907 F.2d at 1456. In reviewing for substantial evidence, the court does not weigh conflicting evidence, make credibility determinations, or substitute its judgment for that

2

of the ALJ.  Id.

In determining whether a claimant is disabled, the Commissioner has promulgated regulations that set forth the following five-step analysis.  20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137 (1987).

(1) The ALJ determines whether the claimant is engaged in substantial gainful activity as defined in 20 C.F.R. § 404.1571 and § 416.971 et seq.  If so, the claimant is not disabled.

(2) If not, the ALJ examines the physical and/or mental impairments alleged by the claimant and determines whether these impairments meet the durational and severity requirements set forth in 20 C.F.R. § 404.1520 and § 416.920.  If not, the claimant is not disabled.

(3) If so, the ALJ considers whether the impairment or impairments, either severally or in combination, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, known as the Listing of Impairments.  If so, the claimant is disabled.

(4) If not, the ALJ considers whether the claimant retains the residual functional capacity ("RFC") to do past relevant work ("PRW").  If so, the claimant is not disabled.

(5) If not, the ALJ determines whether the claimant is capable of some other work based on the claimant's RFC, age, education, and past work experience.  The Commissioner bears the burden of proof at step five. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).  If the claimant is not capable of other work, the claimant is disabled.

### III. Discussion

Plaintiff challenges the ALJ's findings on two grounds. First, plaintiff argues that the ALJ failed to give proper weight to the opinion of plaintiff's treating physician.  (Paper No. 7

at 10-13).  Second, plaintiff argues that the ALJ failed to properly evaluate her pain.  (Id. at 13-14).

For the reasons stated below, the court concludes that the ALJ's opinion adequately explained the weight given to plaintiff's treating physician, and that the ALJ's findings regarding plaintiff's impairments and pain were supported by substantial evidence.  Accordingly, the court grants defendant's motion for summary judgment.

**A.   ALJ's Consideration of Dr. Khan's Opinion**

Plaintiff asserts that the ALJ failed to give proper weight to the opinion of plaintiff's treating physician, Dr. Mashukur Khan. (Id. at 10-13).  Defendant maintains that the ALJ correctly declined to defer to the opinion of plaintiff's treating physician because it was not consistent with the record as a whole.  (Paper No. 16 at 8-9).

Ordinarily, the testimony of treating physicians is given great weight in disability determinations.  See 20 C.F.R. § 404.1572(d)(2); Coffman v. Bowen, 829 F.2d 514, 517-18 (4th Cir. 1987).  A treating physician's opinion, however, should be given significantly less weight if it is inconsistent with substantial evidence.  Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (citing 20 C.F.R. § 416.927 (1996)).

In this case, Dr. Khan, a physician treating plaintiff for back pain and psychological disorders, saw plaintiff for office

4

visits approximately once a month starting in March 2004.  (R. 15, 87, 94).  During these visits, Dr. Khan provided supportive counseling and monitored plaintiff's medications.  (R. 91-94).  In May 2004, Dr. Khan completed a Residual Functional Capacity Questionnaire diagnosing plaintiff with chronic back pain and bipolar disorder, indicating that these impairments were so severe as to dramatically limit plaintiff's functional abilities.  (R. 87-90).  An individual with functioning as restricted as that described by Dr. Khan would be limited to less than sedentary work.  (R. 17).

   The ALJ discounted Dr. Khan's opinion because Dr. Khan had only examined plaintiff a few times, and because the treatment he provided for her was inconsistent with impairments as severe as those he indicated in the questionnaire.  (Id.)  In particular, the ALJ noted that Dr. Khan merely provided plaintiff with supportive counseling and renewals of medication: he did not refer her for additional treatment or testing and did not report that she suffered from any physical abnormalities, weakness, or sensory or neurological deficits.  (Id.)  The ALJ also noted that plaintiff only infrequently uses her prescribed medications, does not attend therapy, has not sought or required hospitalizations, and maintains an acceptable level of daily functioning.  (Id.)  In short, the ALJ cited abundant evidence from the record supporting his decision not to accept Dr. Khan's assessment.  The

5

court, therefore, concludes that the ALJ did not err by not fully accepting Dr. Khan's opinion.

**B.     ALJ's Analysis of Plaintiff's Complaints of Pain**

Plaintiff argues that the ALJ failed to properly evaluate plaintiff's functional limitations caused by pain, and failed to cite specific evidence when analyzing plaintiff's subjective complaints of pain.  (Paper No. 7 at 13-15).  Defendant responds that the ALJ properly assessed plaintiff's complaints of pain, citing specific evidence from the record.  (Paper No. 16 at 9-10).

The evaluation of pain is a two-step process.  Craig, 76 F.3d at 594.  First, the ALJ must determine whether there is objective evidence showing the existence of a medical impairment which could reasonably be expected to produce the pain alleged. Id.  Second, the ALJ must evaluate the intensity and persistence of claimant's alleged pain based on all of the evidence in the record, including plaintiff's testimony.[1]  Id. at 595.  The ALJ must refer specifically to evidence informing his conclusion,

---

[1] Step two of the credibility analysis involves consideration of the claimant's statements of pain as well as factors such as (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatments and other measures taken for relief; and (6) other factors concerning functional limitations and restrictions.  20 C.F.R. § 404.1529(c)(3).

6

including the reasons for rejecting evidence which contradicts his findings. See, e.g., Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) (remanding because the ALJ failed to adequately explain the basis of his findings). An explanation is particularly critical when evaluating subjective symptoms such as pain. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985).

In the present case, the ALJ first found that one of plaintiff's severe medical impairments is "chronic back pain." (R. 16). When evaluating the intensity and persistence of plaintiff's pain, the ALJ considered a wide range of evidence from the record, including (1) plaintiff's complaints of "chronic mid and low back pain with radiating leg symptoms"; (2) her infrequent use of prescribed medications; (3) her failure to seek additional treatment; and (4) her medical examination results indicating normal sensory, neurological, and motor functioning. (R. 17). In particular, the ALJ noted that plaintiff failed to seek additional treatment for her back pain and did not require changes in her medication to enhance its effectiveness. (Id.) These facts indicated to the ALJ that plaintiff's "current level of occasional follow up treatment and rare use of narcotic pain medications is effective at controlling the claimant's symptoms." (Id.)

Turning to a consideration of the side effects of plaintiff's medications, the ALJ accepted as accurate plaintiff's

7

complaints of sedation resulting from her use of narcotic medication.  (Id.)  The ALJ went on to observe that given plaintiff's infrequent use of narcotic medication, this side effect would not substantially affect plaintiff's level of functioning.  (Id.)  In sum, the ALJ specifically referred to ample evidence of record to explain his analysis of plaintiff's pain and its limited impact on her residual functional capacity.

Based on the foregoing, the court concludes that the ALJ relied upon substantial evidence in the record when he concluded that plaintiff's pain did not result in functional limitations as severe as those proposed by plaintiff and Dr. Khan.

## IV.  Conclusion

For the foregoing reasons, the court denies plaintiff's Motion for Summary Judgment (Paper No. 7) and grants defendant's Motion for Summary Judgment.  (Paper No. 16).  A separate order shall issue.

Date: 11-3-06                                      /s/
                                          Beth P. Gesner
                                          United States Magistrate Judge